JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Steven Williams, appeals his conviction from the Cuyahoga County Court of Common Pleas. Finding no error, we affirm.
 {¶ 2} Williams admitted to stealing, and was caught on videotape stealing, a total of 29 copies of the video game NCAA 08 Football from Target in Mayfield Heights. This happened over the course of six days. He stole copies for PlayStation 2, PlayStation 3, and Xbox. The total value was $1,569.71. He was charged with one count of theft in violation of R.C. 2913.02, a felony of the fifth degree because the amount taken was greater than $500 but less than $5,000.
 {¶ 3} Williams filed a motion to dismiss the indictment, arguing that the state improperly aggregated six petty theft claims committed on six different days and charged Williams with one felony. The court denied Williams's motion. Williams pled no contest, and this appeal followed.
 {¶ 4} Williams asserts that "the trial court erred when it convicted the appellant of a fifth degree felony under R.C. 2913.02(B)(2) by aggregating numerous separate incidents of theft in violation of his rights under the Ohio Constitution Article I, Section 10 and the U.S. Constitution Amendments V, VI, and XIV."
 {¶ 5} Williams asserts that he should not have been charged with felony theft, because each individual theft was less than $500. Williams argues that R.C. 2913.61 is not applicable to the facts of his case, and should not have been used to aggregate his petty thefts into a felony. *Page 4 
 {¶ 6} R.C. 2913.02(B) indicates that if the value of the property or services stolen is $500 or more but is less than $5,000, the offense is a felony of the fifth degree. R.C. 2913.61(C)(1) states as follows:
 "When a series of offenses under section 2913.02 [theft] of the Revised Code * * * is committed by the offender in the offender's same employment, capacity, or relationship to another, all of those offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses shall be tried as a single offense. The value of the property or services involved in the series of offenses for the purpose of determining the value as required by division (A) of this section is the aggregate value of all property and services involved in all offenses in the series."
 {¶ 7} Williams argues that it was the legislature's intent to limit aggregation to situations where in order to facilitate the offense, an offender takes advantage of the special association he has with the victim, such as that of an employee, a delivery man, or a relative. We disagree.
 {¶ 8} "Generally, a single act of theft is committed where each act in a series of takings results from a continually larcenous intent, or where there is a single plan or scheme." State v. Crumedy, Cuyahoga App. No. 84083, 2004-Ohio-6006, citing State v. Alicea (Apr. 10, 1986), Cuyahoga App. No. 50992; see Annotation (1973), 53 A.L.R. 398.
 {¶ 9} In Alicea, the defendant was indicted for felony theft, for obtaining food stamps by deception over a period of time from August 1983 through November 1984. The defendant argued that he should have been charged with several counts of petty theft, not felony theft. This court held that R.C. 2913.61(C) required that a *Page 5 
series of theft offenses be tried as a single offense. See, also,Crumedy, supra (finding that to prove one count of felony theft the state had to present evidence that all 17 checks were cashed).
 {¶ 10} In State v. Greer, Union App. No. 14-99-26, 1999-Ohio-940, over a five-day period Greer wrote 11 checks on a closed account to a single local business in exchange for merchandise, gasoline, and cash, for a total of $739.14. Greer argued that the series of thefts were separate and distinct and not committed while acting in the "same employment, capacity, or relationship to another" and thus should not have been prosecuted as a single offense under R.C. 2913.61(C)(1). The court disagreed, finding that "the phrase `to another' connotes that the offender must have stolen from the same person or entity while carrying on in her same relationship." In Greer, the court reasoned that Greer had committed a series of theft offenses against just one victim, as a customer, and thus each act of theft was committed while acting in a relationship to another.
 {¶ 11} In the case at bar, Williams stole a total of 29 copies of the video game NCAA 08 Football from the same Target store in Mayfield Heights on six separate occasions: July 30, 2007, at 10:57 a.m.; July 31, 2007, at 10:58 a.m.; August 1, 2007, at 10:44 a.m.; August 2, 2007, at 12:49 p.m.; August 4, 2007, at 2:55 p.m.; and August 6, 2007, at 10:40 a.m. Williams was apprehended on August 6 with five video games in the restroom at Target, where he would remove the security devices. Also, he was captured on store surveillance on different occasions stealing copies of the same game. Williams admitted to stealing 29 copies. We find that *Page 6 
R.C. 2913.61(C)(1) is applicable to this case because Williams committed a series of theft offenses against the same store with the same scheme or plan. Williams entered the store on several occasions under the guise of being a legitimate customer and left after stealing merchandise.
 {¶ 12} Theft counts in an indictment that are part of an interrelated series of crimes committed in an ongoing relationship with the same victim must be tried together. State v. Copeland, Butler App. No. CA2003-12-320, 2005-Ohio-5899; citing R.C. 2913.61(C)(1); State v.Rice (1995), 103 Ohio App.3d 388, 402. In this case, Williams went to the same store, stole the same type of item, and committed all of these crimes close in time. As a business invitee, Williams had a relationship to the store sufficient to invoke R.C. 2913.61(C).
 {¶ 13} Williams cites to State v. King (Apr. 11, 1991), Cuyahoga App. No. 58276, arguing that R.C. 2913.61 does not apply to all serial theft cases, only those committed in the same employment, capacity, or relationship to another, and that the purpose of the statute was to deter fiduciaries from breaching the trust bestowed upon them.
 {¶ 14} We disagree that R.C. 2913.61 has such a narrow purpose. Further, King is distinguishable from this case. King's co-defendant was employed by the library and provided checks from the library for King to negotiate. The court found that R.C. 2913.61 did not apply because King was not employed by, served in no capacity for, and did not stand in any relationship to the library. There was no *Page 7 
connection between King and the library; whereas in this case, it was Williams who repeatedly stole from Target.
 {¶ 15} Accordingly, we find that R.C. 2913.61 is applicable to Williams's case and overrule his sole assignment of error.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 COLLEEN CONWAY COONEY, A.J., and MARY JANE BOYLE, J., CONCUR. *Page 1